# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD CAMPBELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-384-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

The Plaintiff Harold Campbell, Jr., requested judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The Court then referred the case for initial proceedings to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the undersigned Magistrate Judge recommends that this case be DISMISSED WITHOUT PREJUDICE.

### **Procedural History**

On August 26, 2013, the claimant filed a pro se "Social Security Complaint" in this Court appealing a denial of social security benefits under Title XVI. The same day, the Clerk's office mailed the claimant forms to complete to accomplish service of process and instructed him to return the forms within ten days. On October 23, 2013, the undersigned Magistrate Judge entered a Minute Order directing the claimant to show cause within twenty-one days as to why he had failed to obtain service [Docket No. 9].

The claimant's handwritten response appeared to be a statement that he cannot work and a summary of his medical conditions and medications [Docket No. 10]. The undersigned Magistrate Judge then entered a Minute Order directing the claimant to obtain counsel within twenty-one days [Docket No. 11]. The claimant's timely response indicated that he had "tried to get legal advice" but was unable to obtain counsel [Docket No. 12]. He submitted a second letter on November 26, 2013 stating that he had continued to find an attorney but been unable to do so [Docket No. 13].

**Review**

Because the claimant is proceeding pro se, the Court construes his filings liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), *citing Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nevertheless, Plaintiff "is required to comply with the same rules of procedure governing other litigants, including Rule 4." *Gray v. Astrue*, 2012 WL 6867952, at *1 (W.D. Okla. Dec. 28, 2012) (slip op.). Under Fed. R. Civ. P. 4(m), "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Here, the complaint was filed on August 26, 2013, and Plaintiff was therefore required to serve the Defendant within 120 days, or by December 26, 2013. Despite the Clerk's Office provision of the forms and instructions to return them within ten days to the Court, as well as the Court's direction to show cause why he had failed to obtain service, the Plaintiff's response was, "Well all I can tell you

is I cannot work and why I am disabled[.]" [Docket No. 10]. The Plaintiff has thus failed to show good cause for failing to timely serve the Defendants. Where Plaintiff fails to show good cause, the district court nevertheless has the discretion to grant a permissive extension of time. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has identified several factors to guide district courts in determining whether to grant a permissive extension: (i) "if the applicable statute of limitations would bar the refiled action"; (ii) whether "the plaintiff has tried, but failed, to effect service upon the United States"; and (iii) "protect[ing] *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8. After canvassing the record before the Court, the undersigned Magistrate Judge finds that a permissive extension is not warranted, either. The claimant's petition does not make clear whether the statute of limitations applies in this matter. Under 20 C.F.R. § 404.981, a claimant must appeal an adverse decision within sixty days of receipt of the adverse decision. Here, the undersigned Magistrate Judge has no information as to whether the statute of limitations applies. The other two factors also do not weigh in his favor, because the clerk's office provided the Plaintiff with the forms necessary for effecting service on the United States and the Plaintiff successfully applied for *in forma pauperis* status. These factors thus also support a recommendation of dismissal.

The undersigned Magistrate Judge also directed the Plaintiff to obtain counsel. and he stated in his responses that he has attempted to find an attorney but has been unsuccessful. The Plaintiff has thus failed to establish good cause for his failure to comply with the Court's orders.

**Conclusion**

For the reasons set forth above, the undersigned Magistrate Judge hereby RECOMMENDS that the Plaintiff's action be DISMISSED without prejudice pursuant to Rule 4(m). Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**DATED** this 4th day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma